**Sheldon GRUBER, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION,**
Respondent.

**Civ. A. No. 91–0100–E.**

United States District Court,
N.D. West Virginia,
Elkins Division.

June 1, 1992.

Gruber, pro se.

Lisa Grimes, U.S. Attorney's Office, Wheeling, W. Va., for respondent.

ORDER

MAXWELL, Chief Judge.

Petitioner, a federal prisoner currently incarcerated in F.C.I. Morgantown, West Virginia, seeks review pursuant to 28 U.S.C. § 2241 of Respondent's determination setting his offense severity rating as Category Six. Specifically, Petitioner claims that Respondent improperly determined that the amount of money involved in a fraud scheme operated by Petitioner exceeded $1,000,000. A review of the record in this matter demonstrates that the issues raised and suggested by the petition are ripe for consideration by the Court.

Respondent in its December 2, 1991 Response presented two arguments in support of its determination: 1) Petitioner failed to exhaust administrative remedies prior to seeking habeas corpus relief; and 2) The decision has a rational basis and was decided according to the applicable regulations. By Order entered December 23, 1991, the Court adopted Respondent's first argument and dismissed the above-styled petition without prejudice pending administrative exhaustion.

By Order entered April 6, 1992, this Court reinstated this action on its docket upon a showing by Petitioner of administrative exhaustion. Respondent failed to supplement its original Response. Petitioner submitted a reply to the Response on May 21, 1992, thereby completing the development of the record in this action. Accordingly, it is

ORDERED that the Clerk of this Court file Petitioner's Reply received May 21, 1992 as part of the record in this matter.

 Respondent correctly notes that this Court lacks authority to substitute its opinion in place of Respondent's factual determinations. Subsection (d) of 18 U.S.C. § 4218 establishes that Commission decisions regarding parole are committed to the discretion of the agency under the Administrative Procedure Act. This issue has previously been addressed by the United States Court of Appeals for the Fourth Circuit in *Garcia v. Neagle,* 660 F.2d 983 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). The court in *Garcia* phrased the issue as: "whether the Commission's action in categorizing [petitioner's] offense in the 'Great-

est I' category on the basis of an unverified monetary amount ... is subject to judicial review for abuse of discretion...." *Id.* at 987. While noting that agency actions are generally reviewable by the judiciary, the court recognized:

> Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself.

*Id.* at 988 (citation omitted). The court continued:

> In unmistakable terms, the Parole Act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission. [footnote omitted] 18 U.S.C. § 4218(d).... Under the applicable law, the district court was therefore without power to engage in judicial review of the Commission's substantive decision to set [petitioner's] presumptive parole date at 40 months under an abuse of discretion standard. Congress clearly intended to commit these substantive decisions to the absolute discretion of the Commission.

*Id.* (footnote and citation omitted).

As the above-quoted language demonstrates, this Court is without authority to review the reasonableness of Respondent's decision setting Petitioner's offense severity at Category Six. However, as the Fourth Circuit noted in *Garcia*, this Court is entitled to review Petitioner's claim that Respondent violated the applicable regulations.

 Respondent argues that "[t]he Parole Commission's regulations provide that in rating the offense severity of a bribe, the offense is to be graded as a theft 'according to [the] value of the bribe, demand, or the favor received (whichever is greater)'. 28 C.F.R. § 2.20, Chapter Six, Subchapter C, paragraph 621(a) [ (1991) ]." Subchapter C is entitled "Official Corruption". Paragraph 621 is entitled "Bribery or Extortion [use of official position—no

physical threat]". Respondent acknowledges that "[w]hile the petitioner's offense does not fall under this section because it did not involve bribes of public officials, this method of rating is nonetheless instructive."

Petitioner pled guilty to wire fraud and conspiracy charges brought pursuant to 18 U.S.C. §§ 2 and 1343. During proceedings before the sentencing court and before Respondent, the charges to which Petitioner pled were consistently referred to as "fraud" or "embezzlement". Subchapter D of 28 C.F.R. § 2.20, Chapter 3 (1991) is entitled "Theft and Related Offenses". Paragraph 331 of Subchapter D is entitled "Theft, Forgery, Fraud, Trafficking in Stolen Property\*, Interstate Transportation of Stolen Property, Receiving Stolen Property, Embezzlement, and Related Offenses". The Court agrees with Petitioner that these regulations apply to offense severity ratings for wire fraud convictions.

Paragraph 331 provides that a theft crime involving property valued over $1,000,000 is graded as a Category Six, while a theft involving property valued between $200,000 and $1,000,000 is graded as a Category Five. The relevant value is determined by reference to 28 C.F.R. § 2.20, Chapter 13, Subchapter B, paragraph 20, which provides that " '[v]alue of the property' refers to the estimated replacement cost to the victim."

Petitioner was the president of a debt collection business. In the course of business, Petitioner and a co-conspirator operated a scheme whereby they solicited business through payment of "kick backs" to credit managers. They also operated a "going south" scheme by which they embezzled funds from their creditor clients. The parties agree that the scheme involved payments of approximately $408,000 and embezzlement of approximately $550,000. Petitioner was in possession of a check worth $91,356.28 at the time of his arrest.

The above figures were noted in Petitioner's Pre–Review Initial Hearing held on October 10, 1990. The summary of this hearing stated, "It appears that the $91,-356.00 [sic] involved in the instant scheme

was not counted in the previous figures and since it was an attempt to fraudulently obtain that money it should be added and therefore would elevate the offense severity to category six." It later reflected that "[t]he offense behavior is rated as category Six severity because: It involved fraud of attempted [sic] of more then [sic] $1,000,000.00." The summary listed Michael Stravitz as a co-defendant on the basis of the check in the possession of Petitioner at the time of his arrest. Finally, the summary stated, "The offense severity rating may be to [sic] high at category six. It is possible that the $91,356.00 [sic] was included in the previous figures and therefore the offense would be less then [sic] $1,000,000.00. The probation officer estimated the offense severity at category five."

The Initial Hearing Summary promulgated on January 22, 1991 recommended that Petitioner's Offense Severity be graded a Category Six. The report indicated:

It is important for the review to note pate [sic] four of the presentence report which indicated that subject made kick back payments totaling approximately $408,000.00. Kick backs were usually about 25% of the money collected. Therefore subject would have collected or profited an additional $408,000.00 give or take a few thousand. Consequently the loss to the victim would have been about $816,000.00. This figure coupled with the $550,000.00 embezzlement that subject unlawfully retained places the offense behavior clearly above the $1,000,000.00 figure....

This rationale was adopted by the National Appeals Board in affirming the offense severity rating. The Board stated, "Your offense behavior has been rated as Category Six because it involved payment of bribes with the loss to the victims of more than $1 million." The Court notes that this is the first time that Petitioner's offense had ever been referred to as "bribery".

As the above-quoted language demonstrates, Respondent has taken into account the profits Petitioner gained by virtue of business solicited through kick backs in determining the loss to the victims. Respondent recognizes this by analogizing Petitioner's offense to bribery in its December 2, 1991 Response and characterizing the offense as bribery during his appeal.

Respondent cannot, through artful characterization of the offense, use bribery guidelines to grade the severity of a theft offense. As Respondent freely admits, there was no bribery of a public official involved. Under 28 C.F.R. § 2.20, Chapter 3, Subchapter D, paragraph 331, benefit to the offender is not a factor used in determining the amount involved in this offense. Nor can Respondent construe "benefit" to Petitioner as a "loss" to the victims. There is no indication that Petitioner unlawfully retained or misappropriated funds of his victims other than the $408,000 and $550,000 figures previously discussed. The victims would have had to pay commissions to whichever debt collection agency they retained. The fact that they retained Petitioner due to kick back payments does not convert the legitimate commission owed into a loss.

The Court also notes that, assuming this offense is properly analogized to bribery, Petitioner properly notes that 28 C.F.R. § 2.20, Chapter Eleven, Subchapter F, paragraph 1151 is a far more analogous regulation. Subchapter F is entitled "Non–Governmental Corruption". Paragraph 1151 is entitled "Demand or Acceptance of Unlawful Gratuity Not Involving Federal, State, or Local Government Officials", and provides that such corruption be graded as a fraud offense according to the greater of the demand or the loss to the victim. For the reasons set forth above, "loss" would not include benefit to the offender.

In conclusion, this Court is convinced that Respondent improperly calculated Petitioner's offense severity by using the amount to which he benefitted through receipt of legitimate commissions on business procured by virtue of paying kick backs. The applicable regulations due not permit use of this figure. In so deciding, the Court expresses no opinion regarding the use of the $91,356.28 check in calculating the amount of money involved. Nor does

the Court express an opinion regarding the propriety of including Stravitz's involvement in the monetary calculation. *See* 28 C.F.R. § 2.20, Chapter 3, Subchapter D, paragraph 331(g). In light of the above, it is

ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and the same is hereby, GRANTED. It is further

ORDERED that the above-styled civil action be, and the same is hereby, REMANDED to Respondent for recalculation of Petitioner's offense severity grade in light of the concerns expressed in this Order.